**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30116 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00148-BLW |
| v. | |
| JUSTIN DEAN DIXSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Justin Dean Dixson appeals from the district court's judgment and

challenges the 276-month sentence imposed following his guilty-plea conviction

for sexual exploitation of a minor, in violation of 18 U.S.C. § 2551(a).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Dixson contends that the district court imposed a substantively unreasonable sentence because the court considered improper aggravating factors and deprived him of the benefit of his plea agreement. The district court did not abuse its discretion in imposing Dixson's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court correctly calculated the Guidelines range and then granted a four-level departure under U.S.S.G. § 5K1.1. In deciding to impose a sentence 14 months above the resulting range, the court properly considered several aggravating factors that it believed were not adequately reflected in the Guidelines calculation. *See* 18 U.S.C. § 3553(b)(2); *United States v. Christensen*, 828 F.3d 763, 819 (9th Cir. 2015). Moreover, the district court did not deny Dixson the benefit of his plea agreement. Dixson agreed that the district court could consider all relevant conduct and had complete discretion to impose any lawful sentence, including the statutory maximum of 360 months. The 276-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the duration and extent of the abuse. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-30116